UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KERN, | No. 2:23-cv-0618 AC P |
| Plaintiff, | |
| v. | ORDER |
| JIM COOPER, et al., | |
| Defendants. | |

Plaintiff is a county prisoner proceeding pro se. Currently before the court is plaintiff's first amended complaint. ECF No. 9.

I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

1

1  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
2  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
3  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
4  Franklin, 745 F.2d at 1227-28 (citations omitted).
5        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
6  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
7  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
8  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
10 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
11 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
12 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
13 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
14 speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain
15 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
16 cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
17 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).
18       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
19 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
20 Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
21 content that allows the court to draw the reasonable inference that the defendant is liable for the
22 misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
23 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
24 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
25 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
26 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).
27 ////
28 ////

II. Complaint

The complaint alleges that defendants Cooper and John and Jane Doe violated plaintiff's rights by subjecting him to torture. ECF No. 9. Plaintiff alleges that he was placed in an ice cold holding tank for three to four hours despite his extreme sensitivity to cold, deputies ignored it when plaintiff pressed the emergency button because he was not breathing right, and he was placed in a mental health unit cell where the temperature was dropped to freezing. Id. at 3-5.

III. Failure to State a Claim

A. Defendant Cooper

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Furthermore, "[t]here is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 836-38 (1970).

Plaintiff does not make any allegations against defendant Cooper, who appears to have been named solely based on his position as the Sacramento County Sheriff, which is insufficient to state a claim for relief.

B. Doe Defendants

Though the use of Doe defendants is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted), amendment is allowed to substitute true names for fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). In this case, although plaintiff alleges conduct by unspecified deputies he does not

identify them in a way that would allow the court to connect any specific deputy with the alleged conduct and there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Because plaintiff could amend the complaint to add additional facts that would state a claim against these defendants, he will be given an opportunity to amend the complaint if he desires. Plaintiff is advised that should he choose to amend the complaint, allegations against Doe defendants should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.

### IV. Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint. If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is further advised that in an amended complaint he should specify whether he is a pretrial detainee or a convicted prisoner, as this determines which standard governs his claims. If plaintiff is a pretrial detainee, his claims are governed by the Fourteenth Amendment and he must allege facts showing that

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016).

To state a claim under the Eighth Amendment, plaintiff must allege facts showing the deprivation alleged is, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Then he must fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

V.      Plain Language Summary of this Order for a Pro Se Litigant

Your complaint will not be served because the facts you alleged are not enough to state a claim. You have not explained what conduct each defendant was responsible for.

You may amend your complaint to try to fix these problems. Be sure to provide facts that

5

show exactly what each defendant did to violate your rights or to cause a violation of your rights. If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 25, 2023

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE