UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KERN, | No. 2:23-cv-0618 AC P |
| Plaintiff, | |
| v. | ORDER |
| JIM COOPER, et al., | |
| Defendants. | |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff was given an opportunity to file an amended complaint after the first amended complaint was screened and found to not state any claims for relief. ECF No. 10. Plaintiff has filed a second amended complaint. ECF No. 11.

I.       Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. <u>Second Amended Complaint</u>

The second amended complaint alleges that defendant Cooper and three Doe defendants violated plaintiff's rights under the Fourteenth Amendment by subjecting him to torture. ECF No. 11. Plaintiff alleges that Doe 1 placed him into an ice-cold cell, causing plaintiff to experience chest pains. <u>Id.</u> at 3. When plaintiff notified Doe 1 that he felt like he was having a heart attack, Doe 1 just laughed. <u>Id.</u> Doe 1 continued to place plaintiff in freezing cold cells and ignored plaintiff when he pushed his emergency button and explained that he was in pain due to being sensitive to the cold. <u>Id.</u> After submitting several medical requests and grievances, plaintiff was moved to a medical housing unit cell that was also very cold. Does 2 and 3 ignored plaintiff when he told them he was sensitive to the cold, it caused him pain, and he was having chest pains. <u>Id.</u> at 3-4. Plaintiff states that he wrote to defendant Cooper's office for help several times. <u>Id.</u>

III. <u>Doe Defendants</u>

The use of fictitiously named Doe defendants is generally not favored. <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted). However, amendment is allowed to substitute true names for fictitiously named defendants, see <u>Merritt v. County of Los Angeles</u>, 875 F.2d 765, 768 (9th Cir. 1989), and plaintiff's allegations are sufficient to state a claim against the three Doe defendants for deliberate indifference in violation of the Fourteenth Amendment, see <u>Castro v. County of Los Angeles</u>, 833 F.3d 1060, 1071 (9th Cir. 2016) (officer fails to protect a pretrial detainee when he does not act reasonably to abate substantial risk of serious harm).

Regardless, due to the impossibility of serving an unknown individual, if plaintiff chooses to proceed on the complaint as screened, the court will not order service on the Doe defendants until plaintiff has identified them and filed either an amended complaint that names the defendants or a motion to substitute named defendants for the Doe defendants. Plaintiff shall promptly seek such information through the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff.[1] If access to the required information is

---

[1] Plaintiff may be able to obtain the information he through the jails grievance system or other administrative process.

3

denied or unreasonably delayed, plaintiff may seek judicial intervention.

IV.     Defendant Cooper

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  Furthermore, "[t]here is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 836-38 (1970).

Even assuming that correspondence addressed to Cooper's office was reviewed by Cooper, rather than his staff, there are no allegations regarding what information plaintiff included, such that the correspondence would have notified Cooper of an ongoing constitutional violation.  Plaintiff was previously advised that in order to state a claim against Cooper, he needed to allege facts showing Cooper's involvement in the violations and that Cooper's position as the Sacramento County Sheriff was insufficient, by itself, to make him liable.

V.      Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendant Cooper.  However, it appears that plaintiff may be able to allege facts to remedy this and he will be given one final opportunity to amend the complaint if he desires.  Plaintiff may proceed forthwith against the Doe defendants, or he may amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

file an amended complaint. If plaintiff elects to proceed on his claims against the Doe defendants without amending the complaint, he will have sixty days to identify the Doe defendants for service. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims against defendant Cooper.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   Plain Language Summary of this Order for a Pro Se Litigant

The second amended complaint states claims against the Doe defendants but not against defendant Cooper.

You have a choice to make. You may ***either*** (1) proceed immediately on your claims against the Doe defendants and voluntarily dismiss the other claims, ***or*** (2) try to amend the

complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims against defendant Cooper. The court will also not be able to serve the doe defendants until you identify them and this case may be dismissed if you are unable to identify any individuals for service. If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court judge will not look at any information in the original complaint. **Any claims and information not in the third amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e., file an amended complaint or identify the Doe defendants).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's allegations against defendant Cooper do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his claims against the Doe defendants as set forth in Section III above, or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendant Cooper.

DATED: November 7, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KERN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JIM COOPER, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-0618 AC P<br><br><br>NOTICE OF ELECTION |

　　　　Check one:

_____ Plaintiff wants to proceed immediately on his claims against the Doe defendants without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all claims against defendant Cooper pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　James Kern
　　　　　　　　　　　	　　　　　　　Plaintiff pro se

1