UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN, | No. 2:23-cv-00618 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JIM COOPER, et al., | |
| Defendants. | |

Plaintiff, a former county and current state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

I.  Procedural History

By order filed November 8, 2023, the undersigned screened the second amended complaint and found that plaintiff had stated claims against Doe defendants but had failed to state any claims against defendant Cooper. ECF No. 12. Plaintiff was given the option of amending the complaint or voluntarily dismissing Cooper and proceeding on the complaint as screened. Id. at 6. After opting to proceed on the complaint as screened (ECF No. 13), plaintiff was advised that before this case could move forward he would have to file either an amended complaint that named the defendants or a motion to substitute named defendants for the Doe defendants. ECF No. 14. Plaintiff has now filed a third amended complaint. ECF No. 36.

////

1

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

2

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Third Amended Complaint

The third amended complaint alleges that defendants Avila, Alpatov, Barrera, Zuniga, Smith, Cervetti, Ortiz, Russell, and Cooper violated plaintiff's rights. ECF No. 36. Specifically, plaintiff alleges that he was experiencing severe pain on the left side of his chest and in his left arm and that Avila put him in an ice cold holding tank instead of sending him to medical and ignored plaintiff's claims that he felt like he was having a heart attack. Id. at 5. Plaintiff also alleges that on different occasions, Avila, Alpatov, Barrera, Zuniga, Smith, Cervetti, Ortiz, and Russell all ignored him when he notified them that his cell was freezing and he was in severe pain. Id. at 5-9.

### IV. Claims for Which a Response Will Be Required

A Fourteenth Amendment[1] medical claim includes the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk

---

[1] Although plaintiff does not specify whether he was a pretrial detainee or convicted prisoner at the time of the alleged violation, he appears to have been a pretrial detainee and the undersigned will assume, for screening purposes, that his claims are governed by the less rigorous Fourteenth Amendment standard. See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))).

3

> involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

Plaintiff's allegations that defendants Avila, Alpatov, Barrera, Zuniga, Smith, Cervetti, Ortiz, and Russell were made aware of and ignored his complaints of the freezing conditions in his cell and the fact that he was experiencing severe pain state a claim for relief, and these defendants will be required to respond to the complaint.

V. Failure to State a Claim

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Furthermore, "[t]here is no respondeat superior liability under section 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 836-38 (1970).

Plaintiff does not make any allegations against defendant Cooper, who appears to have been named solely based on his position as the Sacramento County Sheriff, which is insufficient to state a claim for relief.

VI. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United

4

1 States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

2   The undersigned finds that, as set forth above, the complaint fails to state any claims for relief against defendant Cooper.  Plaintiff has already been given multiple opportunities to amend the complaint and twice advised what kind of information he needed to provide to state a claim against Cooper.  Given plaintiff's repeated failure to allege any conduct by Cooper, it does not appear that further amendment would result in a cognizable claim.  As a result, leave to amend would be futile and the claims against Cooper should be dismissed without leave to amend.

  VII. Plain Language Summary of this Order for a Pro Se Litigant

  The complaint states claims against defendants Avila, Alpatov, Barrera, Zuniga, Smith, Cervetti, Ortiz, and Russell and you will be provided with service documents to complete and return to the court.  Once the completed service documents are returned to the court, the United States Marshal will be directed to serve defendants Avila, Alpatov, Barrera, Zuniga, Smith, Cervetti, Ortiz, and Russell.  You should not try to serve the defendants yourself.

  You have not stated any claims against defendant Cooper because you have not included any facts regarding his conduct.  Being the sheriff is not enough to make him responsible for the alleged violations of your rights.  Because you have already been given opportunities to amend your claims against Cooper and have not provided more information about what he did, it is being recommended that your claims against Cooper be dismissed.

CONCLUSION

  In accordance with the above, **IT IS HEREBY ORDERED** that:

  1.  Service is appropriate for defendants Avila, Alpatov, Barrera, Zuniga, Smith, Cervetti, Ortiz, and Russell.

  2.  The Clerk of the Court shall send plaintiff eight USM-285 forms, one summons, an instruction sheet, and a copy of the third amended complaint filed July 19, 2024 (ECF No. 36).

  3.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a.  The completed Notice of Submission of Documents;

   b.  One completed summons;

      c. One completed USM-285 form for each of the following defendants: Avila, Alpatov, Barrera, Zuniga, Smith, Cervetti, Ortiz, and Russell; and

      d. Nine copies of the endorsed third amended complaint filed July 19, 2024.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. The Clerk of the Court shall randomly assign a United States District Judge to this action.

**IT IS FURTHER RECOMMENDED** that the claims against defendant Cooper be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JIM COOPER, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-0618 AC P<br><br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　　Plaintiff submits the following documents in compliance with the court's order filed _____:

　　　　　　　1　　　　　completed summons form

　　　　　　　8　　　　　completed forms USM-285

　　　　　　　9　　　　　copies of the complaint


DATED:


　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Plaintiff

1