UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JIM COOPER, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-0618 WBS AC P<br><br>ORDER and<br><br>ORDER TO SHOW CAUSE |

　　　Plaintiff, a former county and current state prisoner proceeding pro se, has filed a request which appears to seek compelled further responses to a subpoena.  ECF No. 64.  Plaintiff states that he does not feel the information he received in response to a previously served subpoena was specific or accurate, and he requests that the court order the Sacramento County Sheriff's Department to either provide further responses or allow him to view photographs of all deputies mentioned in the subpoena.  Id.  Plaintiff does not provide the subpoena or a copy of responses to support his claim that the responses were deficient.

　　　The subpoena at issue was served over a year ago (ECF No. 29), and discovery in this case has been closed for nearly three months (ECF No. 54 at 6).  Accordingly, the motion will be denied as untimely.

////

////

1

1    Additionally, on September 10, 2024, the court ordered the United States Marshal to serve the complaint on defendants. ECF No. 43. Process directed to defendant Russell was returned unserved because the Sacramento County Sheriff's Office was "unable to ID."[1] ECF No. 47. Plaintiff was then directed to provide additional information to identify Russell. ECF No. 50. In response, plaintiff filed a motion for judicial intervention in which he sought assistance obtaining Russell's first name and badge number. ECF No. 52. The motion was denied because the third amended complaint indicated that plaintiff already had Russell's first name, and it appeared he had not included that information in the service paperwork he submitted. ECF No. 53.

Plaintiff proceeded to submit new service documents (ECF No. 55); however, the summons was again returned unexecuted based on the inability to locate or identify Russell (ECF No. 60). Defense counsel has recently clarified that they were unable to locate any employee of the Sheriff's Office by that name, and they do not represent defendant Russell. ECF No. 63.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant" unless plaintiff can show good cause for the failure. It has been more than ninety days since the complaint was filed and service on defendant Russell has yet to be completed. Plaintiff will therefore be required to show cause why defendant Russell should not be dismissed for failure to complete timely service.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 64) is DENIED.

2. Within thirty days of the service of this order, plaintiff shall show cause in writing why defendant Russell should not be dismissed for failure to complete timely service.

DATED: June 20, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] All other defendants waived service. ECF Nos. 45-46, 48-49.